UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DEREK G. PEEPLES,**

    **Plaintiff,**

v.                                                                                  Case No.: 8:16-cv-528-T-23AAS

**UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS,**

    **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

Before the Court is Defendant United States Department of Veterans Affairs[1] ("Defendant's") **Motion to Dismiss Amended Complaint** (Doc. 22) and Plaintiff Derek G. Peeples' ("Plaintiff's") **Motion to Dismiss Document 22** (Doc. 24). Although no response to Defendant's Motion to Dismiss Amended Complaint appears on the docket, Plaintiff's Motion to Dismiss Document 22 responds to the points made by Defendant in its Motion to Dismiss Amended Complaint. Accordingly, the undersigned recommends construing Plaintiff's Motion to Dismiss Document 22 (Doc. 24) as a response in opposition to Defendant's Motion to Dismiss Amended Complaint. For the reasons stated herein, the undersigned recommends granting Defendant's Motion to Dismiss Amended Complaint (Doc. 22).

---

[1] The Court notes that Defendant's Motion to Dismiss asserts that the Amended Complaint (Doc. 6) incorrectly identifies the Defendant as United States Department of Veterans Affairs and asserts that the United States should be substituted as the appropriate Defendant. However, Defendant must present that request through an appropriate motion.

**I.     BACKGROUND**

On April 19, 2016, Plaintiff filed his Amended Complaint (Doc. 6), alleging a federal cause of action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). Plaintiff contends that he sustained personal injuries when Defendant committed medical malpractice by denying him care. (*Id.* at 3). Defendant now moves to dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), Fed. R. Civ. P., and for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), Fed. R. Civ. P. (Doc. 22).

In the Amended Complaint, Plaintiff explains that he sustained five (5) injuries while serving in the Navy between October 2008 and June 2009 and that he was diagnosed with Complex Regional Pain Syndrome in March 2009. (Doc. 6 at 4). He retired from the Navy due to medical reasons as of December 29, 2010, and immediately enrolled in the Bay Pines VA Healthcare System. (*Id.* at 5).

Between his enrollment and the time of his Amended Complaint, Plaintiff was evaluated by multiple physicians. Plaintiff recounts that, in January 2011, Dr. Karen Sahlin noted that Plaintiff had previously been treated with nerve blocks and a lumbar epidural sympathetic blockade, and tried multiple medications, none of which were effective. (*Id.*). After conferring with another physician, Dr. Sahlin noted that Ketamine treatment was a viable option for Plaintiff, but that the Ketamine treatment was not offered at the Bay Pines VA facility. (*Id.*). Dr. Sahlin tried to outsource Plaintiff's treatment to San Antonio, Texas, on a fee basis with Dr. Nicolas Walsh. (*Id.* at 5-6). However, the request was denied in August 2011 as the Ketamine treatment was considered an experimental treatment for Plaintiff's condition. (*Id.* at 6). Other consult requests made by Dr. Sahlin were also denied. (*Id.* at 8). In late January 2012, Plaintiff alleges that he received authorization for an initial, outpatient interventional pain management

2

consultation with a Dr. Kirkpatrick in Tampa, Florida; however, there was a payment policy conflict and Plaintiff was unable to see Dr. Kirkpatrick. (*Id.*). Plaintiff was unable to find another provider who would accept VA payment. (*Id.*).

In May 2012, Plaintiff was evaluated by Dr. Nancy Millner, D.O., who noted in Plaintiff's VA medical record that Plaintiff refused physical therapy for desensitization protocol. (*Id.* at 12). Dr. Millner subsequently requested a consult for a referral for Plaintiff to the VA facility in Miami, Florida, for Ketamine infusion, but this request was denied due to the Miami facility's inability to provide the treatment. (*Id.*). In December 2012, Plaintiff saw another physician, Dr. Jeffrey Kittle, who noted, similarly, that Plaintiff wanted to try Ketamine infusion or hyperbaric oxygen treatment, but that the VA would not cover these treatments. (*Id.*). Then, in June 2013, Plaintiff's pain management treatment consult claim was administratively closed. (*Id.* at 13).

Throughout the course of these events, Plaintiff also sought help from Congressman C.W. Bill Young, Congressman David Jolly, and the news media. (*Id.* at 6-8, 13-14). Plaintiff alleges that after sharing his situation with the news media, the VA determined Plaintiff was not entitled to both retirement pay and VA disability pay, stopped Plaintiff's retirement pay, and informed Plaintiff that he owed over $6000.00 to the VA (*Id.* at 14).

In June 2014, Dr. Shyamala Ganti ordered a three-phase bone scan of Plaintiff's right lower leg, which demonstrated "significantly decreased radiotracer activity in the right lower leg in all three phases." (*Id.* at 15). Dr. Ganti recommended consult for Ketamine infusion through care outside the VA, and, if such care was not approved, recommended arranging for Plaintiff to be treated in San Antonio, Texas, or West Los Angeles, California. (*Id.*). In August 2014, Non-VA Critical Care approved Plaintiff for Ketamine infusion with Dr. Ashraf Hanna with the Florida Spine Institute of Clearwater, Florida. (*Id.*). However, Plaintiff alleges that, even after receiving

3

this authorization, it took five (5) more months to receive from the VA the required blood lab and mental health letter approving him for treatment. (*Id.*). Plaintiff received Ketamine treatment in January 2015. (*Id.* at 17, 18). Repeat Katamine infusion therapy was thereafter denied. (*Id.* at 18).

On January 2, 2015, Plaintiff met with Suzanne Klinker, Director of the Bay Pines VA Healthcare System. (*Id.* at 17). Plaintiff states that Ms. Klinker acknowledged Plaintiff's concern that Dr. Vasquez fraudulently found Plaintiff suffered no leg atrophy; she advised Plaintiff to file an administrative SF-95 Federal Tort Claims Act ("FTCA") claim. (*Id.*).

Plaintiff filed the administrative SF-95 FTCA form with an evidence packet on August 13, 2015, and submitted additional case narratives at Defendant's request in November 2015. (*Id.* at 3). Plaintiff states that Defendant did not respond, settle, or deny his claim within six (6) months and Plaintiff thus filed the instant case as permitted by FTCA, 28 U.S.C. § 2675(a).

On March 4, 2016, Plaintiff filed his Complaint in this Court alleging medical malpractice (Doc. 1), along with a motion for leave to proceed *in forma pauperis* (Doc. 2). The Court denied Plaintiff's request to proceed in forma pauperis without prejudice and determined that Plaintiff's Complaint failed to establish the Court's jurisdiction and was too lengthy. (Doc. 5 at 2). Plaintiff filed his Amended Complaint on April 19, 2016 (Doc. 6) and was permitted to proceed *in forma pauperis* (Doc. 8). Defendant filed its Motion to Dismiss Amended Complaint (Doc. 22) on August 24, 2016, and the motion has been referred to the undersigned for a Report and Recommendation (Doc. 27). *See* 28 U.S.C. § 636(b); Local Rules 6.01(b) and (c), M.D. Fla.

II.     **ANALYSIS**

Defendant moves to dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), Fed. R. Civ. P., and for failure to state a claim, pursuant to Rule 12(b)(6), Fed. R. Civ. P. (Doc. 22).

### A.     The Court Lacks Subject Matter Jurisdiction Over This Case

"[A] motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) can be based upon either a facial or factual challenge to the complaint." *McElmurray v. Consolidated Government of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).  A defendant's facial attack on a complaint "require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* (citation and quotation marks omitted).  In that situation, "the plaintiff is left with safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised," and the Court considers the allegations in the plaintiff's complaint as true. *Id.* (citation and quotation marks omitted).

On the other hand, a defendant's factual attack on a complaint "challenge[s] the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered." *Id.* (citation and quotation marks omitted).  In this case, Defendant's jurisdictional attack is based on the face of the pleadings, and the Court will view the allegations in the Amended Complaint as true.

Plaintiff alleges a federal cause of action under the FTCA, 28 U.S.C. § 1346(b).  The FTCA provides that the federal district courts have "exclusive jurisdiction of civil actions on claims against the United States, for money damages[] . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1).  The FLSA makes the United States liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

5

However, not all claims against the VA fall under the FTCA. Instead, the Veterans Judicial Review Act ("VJRA"), provides:

> [t]he Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court.

38 U.S.C. § 511(a). Benefits decisions by the Secretary may be appealed only to the Board of Veterans' Appeals, *id.* at § 7104(a), then to the United States Court of Appeals for Veterans Claims, *id.* at §§ 7252(a), 7266(a), then to the United States Court of Appeals for the Federal Circuit, *id.* at §7292(a),(c), and, finally, to the United States Supreme Court, *id.* at § 7292(c). *See also Hall v. U.S. Dep't of Veterans Affairs*, 85 F.3d 532, 534 (11th Cir. 1996).

This Court, therefore, has no jurisdiction over appeals related to benefits decisions of the Secretary. Accordingly, whether the Court has jurisdiction over Plaintiff's alleged medical malpractice FTCA claim depends on whether the Secretary's decision to deny Plaintiff the requested Ketamine treatments was a benefits decision, within meaning of the VJRA.

The Eleventh Circuit recently addressed this question in *Milbauer v. United States*, 587 F. App'x 587 (11th Cir. 2014). Citing *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005), the court explained that the D.C. Circuit has developed a test to determine whether a claim concerns a benefits issue precluded by the VJRA. *Milbauer*, 587 F. App'x at 590-91. Under that test, the D.C. Circuit held that the VJRA did not preclude judicial review of FTCA claims when the judge "could adjudicate those claims 'without determining first whether [the plaintiff] was entitled to a certain level of benefits.'" *Id.* at 591 (quoting *Thomas*, 394 F.3d at 974). Put another way, when a judge must "decide whether the plaintiff was entitled to medical treatment in the face of a prior

VA determination that he was not entitled to such benefit," judicial review of such a claim is precluded by the VJRA. *Id.* (citing *Thomas*, 394 F.3d at 975).

Applying the test in the instant case, the Court determines that it does not have jurisdiction over Plaintiff's claim. Plaintiff alleges that Defendant improperly failed to provide him the requested and physician-recommended Ketamine treatment. This would require the Court to decide whether Plaintiff was entitled to the identified treatment in the face of the VA's determination that he was not.

Plaintiff argues that "'personal injuries' are NOT an appropriate 'entitled benefit' that the VA Secretary affords." (Doc. 24 at 6). However, Plaintiff does not challenge the classification of the treatment he sought as a "benefit" within meaning of the VJRA. *See* 38 C.F.R. § 20.3(e) (defining "benefit" as "any payment, service, commodity, function, or status, entitlement to which is determined under the law administered by the Department of Veterans Affairs pertaining to veterans and their dependents and survivors."). The Court finds Plaintiff's argument without merit. Accordingly, Plaintiff's claim requires the Court to review a benefits decision, rather than a malpractice claim, for which the Court lacks subject matter jurisdiction.

Additionally, to the extent Plaintiff makes a passing reference to sustaining a "wrongful personal injury" caused by the actions of Defendant's employees who "owed a liable duty to render care but chose to depart from VA policy and standard of care," (Doc. 6 at 19), the Court lacks subject matter jurisdiction over such a claim due to the application of the discretionary-function exception.

Although the FTCA provides a cause of action for tort claims against the United States, "the FTCA exempts from liability torts resulting from 'discretionary functions[.]'" *Swafford v. United States*, 839 F.3d 1365, 1369 (11th Cir. 2016). Specifically, the FTCA provides that

> [t]he provisions of this chapter and section 1346(b) of this title shall not apply to--
> (a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). The discretionary-function exception "is designed to prevent 'judicial second guessing' of decisions 'grounded in social, economic, and political policy.'" *Swafford*, 839 F.3d at 1370 (quoting *Berkovitz ex rel. Berkovitz v. United States*, 486 U.S. 531, 536-37 (1988)).

The Court must first determine exactly what conduct is at issue, then apply the two-step test described by the Supreme Court in *Berkovitz* and *United States v. Gaubert*, 499 U.S. 315 (1991). *Swafford*, 839 F.3d at 1370. The two-step test requires the Court to (1) determine whether the conduct at issue involves an element of judgment or choice and then (2) determine whether the judgment required "is of the kind that the discretionary function exception was designed to shield"— i.e., whether the challenged action or decision was based on public policy considerations. *Berkovitz*, 486 U.S. at 536-37. *See also Swafford*, 839 F.3d at 1370.

Government conduct is not discretionary "when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow. In this event, the employee has no rightful option but to adhere to the directive." *Berkovitz*, 486 U.S. at 536. Further, when the government is permitted to exercise discretion, "'it must be presumed that the [Government] agent's acts are grounded in policy when exercising that discretion'" in a permissible manner. *Swafford*, 839 F.3d at 1370 (quoting *Gaubert*, 499 U.S. at 324, and citing *Berkovitz*, 486 U.S. at 539). Additionally, the Court must construe the discretionary-function exception strictly in favor

8

of the Government; if the exception applies, the Court lacks subject matter jurisdiction over the claim. *Id.* at 1369-70.

Here, Plaintiff describes the conduct at issue as failing to provide a specific medical treatment. However, Plaintiff has not alleged that any federal statute, regulation, or policy specifically requires Defendant to provide the requested Ketamine treatment. The Court must conclude on this record that Defendant's decision regarding whether to provide the treatment involves an element of judgment or choice. *See Swafford*, 839 F.3d at 1370. Further, under the presumption described in *Gaubert*, and in the absence of any allegations by Plaintiff to the contrary, the Court must presume that Defendant's decision to deny the Ketamine treatment was grounded in policy. Therefore, Defendant's decision to deny the Ketamine treatment involves the kind of judgment that the discretionary-function exception was designed to protect. As the discretionary-function exception accordingly applies to Plaintiff's cursory allegations that Defendant engaged in negligence, the Court lacks subject matter over that claim.

Consequently, the undersigned recommends that the Amended Complaint be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Fed. R. Civ. P..

**B.     Even If This Court Had Subject Matter Jurisdiction Over This Case, The Amended Complaint Fails To State A Claim.**

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal for failure to state a claim is appropriate if the facts as pled, when accepted as true, fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A facially plausible claim must allege facts that are more than merely possible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting

*Iqbal*, 556 U.S. at 678).  However, if allegations in the complaint are "more conclusory than factual, then the court does not have to assume their truth." *Id.*

While the Court holds complaints in *pro se* actions to less stringent pleading standards, a *pro se* plaintiff remains subject to the same law and rules of court as a litigant represented by counsel. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989).  Even if Plaintiff could demonstrate that the Court has subject matter jurisdiction over his claims, Plaintiff's Amended Complaint (Doc. 6) fails to state a claim for which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).

The FTCA provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues[.]" 28 U.S.C. § 2401(b).  Even if this truly was a medical malpractice case and not a claim concerning a benefits issue, a medical malpractice claim brought under the FTCA accrues "'when the plaintiff knows both the existence and the cause of his injury,' even if he does not yet know that 'the acts inflicting the injury may constitute medical malpractice.'" *McCullough v. United States*, 607 F.3d 1355, 1358 (11th Cir. 2010) (quoting *United States v. Kubrick*, 444 U.S. 111, 113 (1979)).

Here, Plaintiff alleges that Defendant's denials of Plaintiff's requests for Ketamine treatment occurred between 2011 and 2012. (Doc. 6 at 6, 8, 12).  Plaintiff filed his Complaint on March 4, 2016 (Doc. 1), more than two years after each of the denials identified in the Amended Complaint.  Accordingly, Plaintiff's FTCA claim is time barred.

Further, to the extent Plaintiff makes a cursory attempt to plead a claim for negligence, the Court finds Plaintiff has failed to plead sufficient factual allegations to state a plausible claim.

10

"To state a claim for negligence under Florida law, a plaintiff must allege that the defendant owed the plaintiff a duty of care, that the defendant breached that duty, and that the breach caused the plaintiff to suffer damages." *Lewis v. City of St. Petersburg*, 260 F. 3d 1260, 1262 (11th Cir. 2001).  Here, Plaintiff states that employees of Defendant "owed a liable duty to render care but chose to depart from VA policy and standard of care." (Doc. 6 at 19).  However, Plaintiff does not identify any applicable VA policy or standard of care.  Accordingly, Plaintiff has not sufficiently alleged a duty owed to Plaintiff by Defendant and, therefore, has not sufficiently pleaded a claim for negligence.

Accordingly, even if the Court does not construe this case as a review of a benefits decision for which this Court lacks subject matter jurisdiction, and even if the discretionary-function exception does not apply with regard to Plaintiff's allegations of negligence, the undersigned recommends that the Amended Complaint be dismissed for failure to state a claim because the claims in the Amended Complaint are either time-barred or insufficiently pleaded.

**III.   CONCLUSION**

As Plaintiff has failed to demonstrate that the Court has subject matter jurisdiction over his claim and failed to state a claim on which relief may be granted, Fed. R. Civ. P. 12(b)(1), (6),  it is **RECOMMENDED** that:

(1) The Court construe Plaintiff's Motion to Dismiss Document 22 (Doc. 24) as a response in opposition to the Government's Motion to Dismiss Amended Complaint (Doc. 22); and

(2) Defendant's Motion to Dismiss Amended Complaint (Doc. 22) be **GRANTED**.

**Date: November 30, 2016.**

*/s/ Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. *See* 28 U.S.C. § 636(b)(1).

Copies to:
Pro Se Party
Counsel of Record
District Judge