UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEREK G. PEEPLES,

    Plaintiff,

v.                                                    CASE NO 8:16-cv-528-T-23AAS

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS,

    Defendant.
_____/

## **ORDER**

Derek Peeples, who appears *pro se*, sues (Doc. 1) under the Federal Tort Claims Act. The antithesis of a short and plain statement of a claim for relief, the complaint, including attachments, spans 394 pages, but not one of the pages alleges that Peeples exhausted his administrative remedy. Accordingly, a March 2016 order (Doc. 5) directs the plaintiff to amend the complaint.

In the amended complaint (Doc. 6), Peeples asserts that the defendant committed medical malpractice because, after a doctor recommended a treatment for Peeples, who suffers from complex regional pain syndrome, the defendant improperly declined to either provide or procure the treatment. The defendant moves (Doc. 22) to dismiss under Rule 12(b)(1) and (6), Federal Rules of Civil Procedure.

Under 38 U.S.C. § 511, the Secretary of Veterans Affairs "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that

affects the provision of benefits by the Secretary to veterans," and a district court may not review a decision by the Secretary on "the provision of benefits." Accordingly, a November 2016 report (Doc. 29) recommends dismissing this action for lack of subject-matter jurisdiction. *See Milbauer v. United States*, 587 Fed. Appx. 587, 592 (11th Cir. 2014) (per curiam) (holding that the district court lacked subject-matter jurisdiction over a claim that the Department of Veterans Affairs committed medical malpractice because the court "could not adjudicate Milbauer's claim without determining first whether Milbauer was entitled to a certain level of benefits" (internal quotation marks omitted)). Also, the report concludes that, "even if this court had subject-matter jurisdiction," Peeples's claim is "either time-barred or insufficiently pleaded." (Doc. 29 at 9–11)

Although Peeples objects (Doc. 31) to the report, a thorough review of the report reveals that Peeples's objections are unfounded or unpersuasive. Peeples's objections (Doc. 31) are **OVERRULED**.

The defendant, objecting (Doc. 32) also, notes a purported error in the portion of the report determining that the amended complaint fails to state a claim. However, because the report correctly concludes that this court lacks subject-matter jurisdiction, this order cannot address the merits of Peeples's claim. *Swann v. Sec'y, Georgia*, 668 F.3d 1285, 1289 (11th Cir. 2012) ("[A] court must dismiss a case without ever reaching the merits if it concludes that it has no jurisdiction." (quoting *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001)). The defendant's objection (Doc. 32) is **OVERRULED**.

The November 2016 report (Doc. 29) is **ADOPTED IN PART**.  The defendant's motion (Doc. 22) to dismiss is **GRANTED**, and under Rule 12(b)(1) this action is **DISMISSED**.  The clerk is directed to terminate any pending motion and to close the case.

ORDERED in Tampa, Florida, on December 20, 2016.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE